IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20778
Summary Calendar

_____

JERRY LYLES,

Plaintiff-Appellant,

versus

LUCENT TECHNOLOGIES INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. H-01-CV-1285)
_____
November 20, 2002

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Jerry Lyles appeals the district court's decision entering summary judgment

on his ERISA claim in favor of his former employer Lucent Technologies, Inc.  The

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

sole issue presented by his appeal is whether the plan administrator and claims review committee abused their discretion by interpreting provisions of the Lucent Income Retirement Plan ("LIRP") to deny Lyles's eligibility for a service pension. We affirm.

Jerry Lyles began his employment with Southwestern Bell, Lucent's predecessor, on August 31, 1971. Lucent sold its Growing and Emerging Markets ("GEM") division, in which Lyles worked, to Expanets on March 31, 2000. Pursuant to the sale agreement between Lucent and Expanets, all GEM employees were terminated by Lucent and rehired by Expanets. At the time of his termination by Lucent, Lyles had worked for the company for 28 years, seven months, and one day, and he was 48 years, four months, and 26 days old. In order to be eligible to receive service pension benefits, Lucent employees terminated prior to December 31, 2000 must be no less than fifty years of age and complete a "Term of Employment" of at least thirty years at the time of their termination. LIRP § 4.1(a)(ii).

The LIRP defines "Term of Employment" as "a period of continuous employment of an Employee in the service of one or more Participating Companies or Interchange Companies." Id. at § 2.44. The LIRP also contains a "Transition Leave of Absence" provision ("TLA"), which allows employees who are terminated

2

due to a force management plan or sale of a part of Lucent's business, and who are within one year of the age or Term of Employment requirements for a service pension, to attain eligibility despite their early termination. Id. at § 4.1(d)(i). Lucent's plan administrator and claims review committee determined Lyles did not qualify for a TLA because his Term of Employment was less than 29 years, and he was less than 49 years old, at the time of his termination.

Lyles availed himself of the claims review procedure established by the LIRP by first presenting his claim to the plan administrator and then to the Employee Benefits Committee ("EBC"). Benefit determinations by ERISA plan administrators or fiduciaries are reviewed under a de novo standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where the administrator has discretionary authority, we review factual determinations of eligibility for plan benefits under the abuse of discretion standard. Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir. 1994); Pierre v. Connecticut Gen. Life Ins. Co., 932 F.2d 1552, 1562 (5th Cir. 1991).

The LIRP explicitly provides that the EBC has "sole and complete discretionary authority and control to . . . [determine] all question relating to

3

eligibility for participation and benefits, interpretation of all Plan provisions, . . . and construction of disputed or doubtful terms. Such decisions shall be conclusive and binding on all parties and not subject to further review." LIRP § 3.4. Thus, the determination of the EBC can only be set aside upon a showing that the EBC abused its discretion.

Lyles contends that he is eligible for a TLA because he has 29 "Years of Service," defined by the LIRP as "a computation period in which an Employee completes 1,000 Hours of Service. For purposes of determining 1,000 Hours of Service, an Employee will be deemed to have completed 50 Hours of Service for each week in which the Employee completes one or more Hours of Service." LIRP § 2.47. During his twenty-ninth year at Lucent, Lyles had completed seven months of service, or 28 weeks. Thus, pursuant to the LIRP, Lyles completed 28 Years of Service and 1400 Hours of Service, for a total of 29 Years of Service. According to Lyles, this entitles him to a TLA under Section 4.1(d)(i) of the LIRP.

The difficulty with this interpretation is that it tries to join the words "Years of Service" in Section 2.47 (determining the time of employment required for initial plan participation and eligibility for a deferred vested pension) and Section 4.1(a)(ii) (determining the years of employment required at termination for service pension benefits). Nothing in the plan warrants this joinder or an interpretation of "years" in

4

Section 4.1(a)(ii) to mean anything but calendar years.  The decision of the administrator and review committee must prevail.

AFFIRMED.